# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDISON CORTEZ, et al., | Case No. 1:14-cv-01060-LJO-SAB |
| Plaintiffs, | ORDER REQUIRING PLAINTIFFS TO FILE MEMORANDUM DEMONSTRATING WHY THEIR COMPLAINT SHOULD NOT BE DISMISSED |
| v. | |
| WELLS FARGO, N.A., et al., | **DEADLINE: August 13, 2014** |
| Defendants. | |

Plaintiffs Edison Cortez and Severina Cortez ("Plaintiffs") filed the complaint in this action on July 8, 2014. (ECF No. 1.) For the reasons set forth below, the Court finds that Plaintiffs' complaint fails to state any federal claims and the Court lacks jurisdiction over any other state law claims raised by Plaintiffs.

**I.**

**SUA SPONTE DISMISSAL FOR FAILURE TO STATE A CLAIM AND LACK OF JURISDICTION**

District courts may dismiss a claim sua sponte under Federal Rule of Civil Procedure 12(b)(6) if the Court gives notice of its intention to dismiss and afford plaintiffs an opportunity to at least submit a written memorandum in opposition to such motion. Lee v. City of Los Angeles, 250 F.3d 668, 683 n.7 (9th Cir. 2001) (quoting Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987); Wong v. Bell, 642 F.2d 359, 362 (9th Cir. 1981)). Moreover, district courts

1

have authority to dismiss actions sua sponte for lack of jurisdiction. Franklin v. State of Or., State Welfare Division, 662 F.2d 1337, 1342 (9th Cir. 1981). "[F]ederal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit" and are "obviously frivolous." Hagans v. Lavine, 415 U.S. 528, 536-37 (1974) (internal quotations and citations omitted).

## II.

## PLAINTIFF'S COMPLAINT

Plaintiffs are proceeding pro se in this action. Although unclear, it appears that their complaint purports to assert causes of action under California Civil Code § 2924 and 18 U.S.C. § 1001. Plaintiff also alleges violations of 18 U.S.C. § 1341 and 1343. Plaintiffs name Ric Juarez, Barrett Daffin Frappier Treder & Weiss, LLP, and Wells Fargo, N.A. as defendants. The caption of the Complaint also lists Orchard Terrace Estates, LLC as a "Third-Party Defendant," but it is unclear what Plaintiffs intended is using this designation.[1]

Plaintiffs' complaint appears to allege some form of wrongful foreclosure. Plaintiffs contend that Defendants foreclosed upon Plaintiffs' home "using the fraudulent forged, fabricated Substitution of Trustee." (Compl. 2.) Plaintiffs allege that Defendant Ric Juarez "pretended to be the 'Assistant Vice President'/Foreclosure Operation of Wells Fargo" and had "no right to execute or sign the fabricated document, (Substitution of Trustee)." (Compl. 2.) Plaintiffs further allege that Juarez "pretended to be the 'Associate Director' of BARRETT DAFFINE FRAPPIER & WEISS, LLP as Trustee, while he never had been associated with this firm." (Compl. 2-3.) Plaintiffs further contend that Defendants "have lack of standing to foreclose on the subject property, as they are not the Note holders of the subject property." (Compl. 3.) Plaintiffs contend that "[a]ny assignment of Deed of Trust between the original lenders is voided because it violated the Trust agreement by exceeding the limitations of the required **90 day closing**." (Compl. 4 (emphasis in original).)

///

---

[1] Orchard Terrace Estates, LLC is not mentioned anywhere in the body of the complaint.

## III.

## DISCUSSION

### A.   18 U.S.C. § 1001, 1341, and 1343 Claims

Plaintiffs' complaint alleges violations of 18 U.S.C. § 1001, 1341, and 1343.  However, 18 U.S.C. § 1001 is a federal criminal statute that punishes fraudulent statements made in the context of a matter within the executive, legislative, or judicial branches.  Plaintiffs may have alleged that Defendants made fraudulent statements, but Plaintiffs have not alleged that those fraudulent statements were made in the context of a matter before the executive, legislative, or judicial branches of the federal government.  Moreover, 18 U.S.C. § 1001 does not provide for an express or implied right of action, meaning Plaintiff has no authority to initiate a civil lawsuit for damages based upon a violation of Section 1001.  See Rundgren v. Bank of New York Mellon, 777 F. Supp. 2d 1224, 1233 (D. Haw. 2011) (and cases cited therein); Dowdell v. Sacramento Housing & Redevelopment Agency, No. 2:11-cv-00409 JAM KJN PS, 2011 WL 837046, at *2 (E.D. Cal. Mar. 8, 2011) (and cases cited therein).

Similarly, 18 U.S.C. § 1341 and 1343 are criminal statutes prohibiting mail or wire fraud. See Miller v. Yokohama Tire Corp., 358 F.3d 616, 620 (9th Cir. 2004); U.S. v. McNeil, 320 F.3d 1034, 1040 (9th Cir. 2003).  Plaintiff alleges no facts involving the use of the United States mail or wire to further a scheme to defraud.  Moreover, neither Section 1341 nor Section 1343 authorizes a private right of action.  Wilcox v. First Interstate Bank of Oregon, N.A., 815 F.2d 522, 533 n.1 (9th Cir. 1987); see also Wisdom v. First Midwest Bank, of Poplar Bluff, 167 F.3d 402, 407-409 (8th Cir. 1999); Idowu v. Astheimer, No. C 10-02672 SBA, 2011 WL 89965, at *2 (N.D. Cal. Jan. 11, 2011); Ambler v. Parks, No. CIV S-08-0884 RRB DAD PS, 2009 WL 545989, at *9-10, 12-13 (E.D. Cal. Mar. 4, 2009).

Since Plaintiffs allege no facts supporting a violation of any of these criminal statutes and none of these criminal statutes authorize a private right of action allowing Plaintiffs to filed a civil suit for damages, Plaintiffs claims must be dismissed.

/ / /

/ / /

**B.      California Civil Code § 2924 Claim**

Plaintiffs vaguely allege that Defendants violated California Civil Code § 2924. Section 2924 sets forth generally the requirements of a mortgage. Plaintiffs provide no indication of which specific aspect of Section 2924 was violated. Given that Section 2924 is comprised of several subsections, Plaintiffs' complaint fails to give Defendants fair notice of how their conduct violated Section 2924.

Moreover, since Plaintiffs' complaint fails to state any federal claims, the Court declines to exercise supplemental jurisdiction over any remaining state law claims. 28 U.S.C. § 1367(c)(3).

**IV.**

**CONCLUSION AND ORDER**

Based upon the foregoing, the Court finds that Plaintiffs' complaint fails to state any cognizable federal claims and the Court declines to exercise jurisdiction over Plaintiffs' state law claims. The Court will afford Plaintiffs an opportunity to submit a written memorandum opposing dismissal. See Lee v. City of Los Angeles, 250 F.3d 668, 683 n.7 (9th Cir. 2001). Any written memorandum submitted by Plaintiffs must be accompanied by a proposed amended complaint which cures the defects identified by the Court. If Plaintiffs do not submit a written memorandum and proposed amended complaint, or if Plaintiffs' memorandum and proposed amended complaint does not demonstrate that Plaintiff can state valid claims, the Court will dismiss the Complaint without leave to amend.

//
//
//
//
//
//
//
//

1    Accordingly, it is HEREBY ORDERED that, on or before August 13, 2014, Plaintiffs
2 shall file a written memorandum opposing dismissal along with a proposed amended complaint.
3    IT IS FURTHER ORDERED THAT the Clerk of the Court is directed to not issue a
4 summons until further order of the Court.

IT IS SO ORDERED.

Dated:   **July 11, 2014**

                                      UNITED STATES MAGISTRATE JUDGE